## W. W. WATTS v. J. D. COTTON ET AL.

### Decided April 13, 1901.

**Lease of Public Land—Cancellation by Land Commissioner.**

Appellant's application to lease a tract of unsurveyed public land was erroneously rejected by the Land Commissioner on the ground that the land was not subject to lease, and appellant made no effort to compel the execution of a lease to him. Eight months later the Commissioner leased the land to appellee, and a month later, appellant having again applied to lease the tract and having paid under that application not only the requisite first year's rental, but also back rents to the date of his first application, the Commissioner leased the land to him, and undertook to cancel the lease previously executed to appellee. Held that the Commissioner had not authority to cancel appellee's lease, and that appellant had acquired no such right as would entitle him to recover the land from appellee in trespass to try title.

Appeal from Borden. Tried below before Hon. W. R. Smith.

*George L. Beatty,* for appellant.

*E. L. Yellott,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellant against appellees to recover 775 acres of unsurveyed public domain in Borden County. Both parties claimed under leases from the State, and because that of appellee Cotton, under whom the other appellee claimed, was prior to that of appellant, the recovery sought was denied.

Error is assigned to the judgment (quoting from the brief) "because the evidence shows that the appellant, Watts, made a legal application to lease the land in controversy long before the appellee Cotton, and it

was not appellant's fault that such land was not awarded and lease con-
tract executed to him." The court found that appellant had filed an
application to lease the land on November 28, 1898, which was rejected
upon the ground that the unsurveyed public domain was not subject to
lease; that being the construction then given the law by the Attorney
General and the Commissioner of the General Land Office. No effort
was made by appellant to compel the execution of a lease to him under
this application, and the record fails to show any tender of "the first
annual rental," without which no lease could take effect, but only shows
that his agent at Austin had the money and authority to pay the rent.
Sayles' Civ. Stats., arts. 4218r, 4218s. However, on July 11, 1899, he
filed another application, and paid to the State Treasurer, under this
application, rent for one year in advance, and also back rents to date of
his first application, whereupon the land was leased to him; but it had
already been leased to appellee Cotton under his application made June
23, 1899, which lease the Commissioner undertook to cancel because of
the prior unavailing efforts of appellant to obtain a lease. It seems clear
that if the lease to appellee Cotton, which was duly executed and re-
corded, and which was fully complied with on his part, was authorized
by law, the Commissioner had no power to cancel it and make a new
lease to another. The power of an agent to make, and his power to break,
a contract, are essentially different powers. It seems equally clear that
appellant's first proposition to lease was erroneously and wrongfully re-
jected. Sayles' Civ. Stats., arts. 4218r, 4218s; Harrington v. Blanken-
ship (Texas Civ. App.), 52 S. W. Rep., 585. For correction of this
error he doubtless had a remedy by mandamus against the Commissioner
of the General Land Office; but, so far from pursuing that remedy, he
must be held, under the facts of this case, to have acquised in the er-
roneous ruling of the Commissioner, however much he may have dis-
sented from it, which left the land still open to lease. The statute re-
quires a lease contract to be executed and recorded, and one year's rent
to be paid, before the lease takes effect. Until the statute has thus been
complied with, the proposed lessee acquires no such right to the land as
will enable him to maintain an action of trespass to try title. No lease-
hold or other right of possession passes to him, but all remains in the
State. The case is not analogous to that of a purchaser of school land
who has so far complied with the law as to be entitled to an award; for
such compliance with the terms of sale proposed by the state is held
itself to effect a sale of the land, while the application to lease is but
a preliminary proposition on the part of the intending lessee, and con-
tains none of the essentials of a lease. It falls far short of being such
"evidence of right to land" as is essential to the maintenance of the
action of trespass to try title. See opinion of Chief Justice Garrett in
Fall v. Nation, 17 Texas Civ. App., 160, and authorities there cited.
The conclusions of the trial court are therefore adopted, and the judg-
ment affirmed.

                                                          *Affirmed.*